IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-20-94-P |
| | ) | |
| RANDY LEW WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Defendant's Motion for Hearing to Reconsider Detention Order (Doc. No. 22) and Motion for Reconsideration of Detention. Doc. No. 23. The Government has filed its Response. Doc. No. 26. For the following reasons, Defendant's Motions are denied.

I. Background Information

Defendant was arrested on March 3, 2020, on four charges related to the unlawful shipment of arms from the United States to a recipient in another country. Doc. No. 1. On March 5, 2020, the Court held a detention hearing and ultimately ruled Defendant would be detained pending trial. Doc. Nos. 12 &13. In the Order of Detention Pending Trial, the Court relied on the weight of the evidence against Defendant, lack of stable employment and residence, and that Defendant has significant family or other ties outside the United States. Doc. No. 13 at 2-3. The Court further explained:

1

> The Defendant has a significant history of travel to Iraq where he met with a commander of the Peshmerga group, a Kurdish guerilla organization fighting for a free Kurdish state in Iraq. The Defendant fought as a soldier with the Peshmerga and with this commander in Iraq. Defendant has stayed in the commander's home in Iraq and has remained in contact with him. As to risk of flight, the Court is predominantly concerned with and relying on the nature and circumstances of the instant offenses as well as Defendant's misleading statements to law enforcement authorities during their investigation of these matters. The Court has considered the method and manner the alleged shipments were made by Defendant. Evidence further indicates that in the past Defendant has been offered protection and sanctuary from law enforcement by being in Iraq. Moreover, the Court finds compelling the evidence before the Court from the Defendant's live-in girlfriend that if the Defendant is released, "the Defendant would flee without a doubt."
>
> I further find that the release of the Defendant on a personal recognizance bond or an unsecured appearance bond would not reasonably assure the Defendant's appearance in Court as required and the safety of the community.

*Id.* at 3.

Defendant is currently detained in Logan County Detention Center ("LCDC") located in Guthrie, Oklahoma. By his current Motions, Defendant requests, pursuant to 18 U.S.C. § 3142(i), the Court reconsider its previous detention determination based on the COVID-19 pandemic and other related concerns.

II. <u>Analysis</u>

18 U.S.C. § 3142(i) provides the Court may permit the temporary release of a federally detained person if it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." Notably, the

provision states that a court "may" release a defendant as necessary for defense preparation or another compelling reason, not that release is required for such reasons. *Id.*; *United States v. Gumora,* No. 20-CR-144, 2020 WL 1862361, at *9 n.10 (S.D.N.Y. Apr. 14, 2020). Additionally, "[a] defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)." *United States v. Clark*, __ F. Supp. 3d __, 2020 WL 1446895, at *2 (D. Kan. 2020).

Defendant does not contend his release is necessary for the preparation of his defense. Instead, he contends the COVID-19 pandemic and his risk of exposure while detained in LCDC constitutes "a change of circumstance which warrants reconsideration" of his detention. Doc. No 22 at 2. He also states that his sister and brother-in-law, residing in Norman, Oklahoma, would allow him to live at their residence pending trial of this case. *Id.* at 6.

This Court has received several motions similar to Defendant's that seek reopening or reconsideration of prior detention decisions based on COVID-19 and the dangers it presents to the incarcerated. Many of the requests fall short because they fail to address the points under the law that bear on the Court's detention decision, to wit, whether the defendant presents a danger or a risk of flight that may be reasonably assuaged by the imposition of conditions of release. 18 U.S.C. § 3142(g). *See, e.g., United States v. Strand,* No. CR-20-49-J (Order, April 24, 2020) (denying request for detention hearing under 18 U.S.C. § 3142(i) based on the

COVID-19 pandemic, explaining, "Mr. Strand does not allege any medical problem or condition that places him at risk, or that the Grady County Jail is unable to properly care for him."); *United States v. Rincon*, No. 19-cr-330-SLP (Order, April 21, 2020) (denying request to reopen detention hearing, stating, "[T]he COVID-19 pandemic has no bearing on the bases of the Court's ruling that there were no conditions that would reasonably assure the safety of the community and no conditions that would reasonably assure Defendant's appearance in Court.").

Defendant's Motions are an improvement upon those similar motions reviewed by the Court to date, but they too dedicate abundant space to broad descriptions of the history of COVID-19, the government's response, international response, and actions taken by judges in other judicial districts to release pretrial or other detainees. Very few portions of the Motions address the pertinent legal issue, which is, in consideration of the "change of circumstance" advanced by Defendant, does Defendant continue to pose a risk of flight that may be reasonably ameliorated by conditions of release.

As noted, the Court based its ruling to detain Defendant on the strength of the evidence supporting the charges against him, his attempts to deceive and mislead law enforcement authorities during their investigation of the same, Defendant's particularly strong ties to individuals in Iraq, the offers of protection and sanctuary from the same individuals, as well as evidence from Defendant's girlfriend that, if

4

released, he "would flee without a doubt." Doc. No. 13 at 3. In his Motion, Defendant does not offer any explanation or rationale as to how the COVID-19 pandemic is materially relevant to the balance of these specific factors.

Recent decisions in other districts have outlined a helpful framework for analyzing assertions of COVID-19 as a compelling reason for release under § 3142(i), advising consideration of the following factors: (1) the original grounds for Defendant's pretrial detention, (2) the specificity of Defendant's stated COVID-19 concerns, (3) the extent to which Defendant has set forth a proposed release plan and whether it is tailored to mitigate or exacerbate other COVID-19 risks, and (4) the likelihood that Defendant's proposed release would increase COVID-19 risks to others. *Clark*, __ F. Supp. 3d __, 2020 WL 1446895, at *3*; see also United States v. Scott*, No. 3:19-CR-00263, 2020 WL 2112330, at *5-7 (M.D. Pa. May 4, 2020) (adopting *Clark* four factor evaluation in considering and denying request under 18 U.S.C. § 3142(i)); *United States v. Sumbry*, No. 2:20-CR-35-PPS-JPK, 2020 WL 2092838, *7 (N.D. Ind. May 1, 2020) (same); *United States v. Cazares*, No. 18-cr-00466-BLF-1, 2020 WL 1955730, at *3-7 (C.D. Cal. Apr. 23, 2020) (same); *United States v. Turner*, No. 19-CR-00037-TBR-4, 2020 WL 1943024, at *2-4 (W.D. Ky. Apr. 22, 2020) (same); *United States v. Noland-James*, No. CR19-261-RSM, 2020 WL 1904049, at *2-4 (W.D. Wash. Apr. 17, 2020) (same); *United States v. Crandell*, No. 19-cr-255 (JNE/TNL), 2020 WL 1873047, at *2-3 (D. Minn. Apr. 15, 2020)

(same); *United States v. Terrone*, No. 19-CR-00058-RCJ-CLB, 2020 WL 1844793, at *4-5, 6-12 (D. Nev. Apr. 10, 2020) (same); *United States v. Veras*, No. 3:19-CR-010, 2020 WL 1675975, at *5-7 (M.D. Pa. Apr. 6, 2020) (same); *United States v. Slaughter*, No. 3:18-cr-00027, 2020 WL 1685117, at *2-7 (S.D. Tex. Apr. 6, 2020) (same); *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020) (same).

While the Court is sympathetic to Defendant's genuine concerns regarding the spread and medical management of COVID-19 at LCDC, the Court does not find these concerns support compelling reasons for his temporary release under § 3142(i). On the first consideration, the grounds supporting the original determination remain strong for the reasons described above and in the Order of Detention.

As to the second consideration, Defendant describes himself as "high risk" for complications due to COVID-19, though states this is not the "keystone" to his request. Doc. No. 23 at 2. He describes his health conditions in primarily vague terms, stating he suffers from "high blood pressure and cardiac issues - and is on the appropriate medications <u>and</u> High-Risk Protocol Drugs, Distributed by the Logan County Detention Center's Turn-Key Medical." *Id.* (emphasis in original). He further explains that "although his health condition does not put him among the most vulnerable to the coronavirus, there may be some increased risk to him if he were to contract the disease." Doc. No. 22 at 6-7.

In the Government's Response, it explains that LCDC records confirm Defendant has been diagnosed with high blood pressure but that LCDC is not aware of any other cardiac issues. Doc. No. 26 at 4. Further, LCDC records do not support that Defendant is currently taking "high risk protocol drugs" but instead that Defendant agreed to a change in prescriptions to avoid the same due to the risks associated with said drugs and COVID-19. *Id.* at 5.

Beyond vague descriptions of alleged medical conditions, Defendant has presented no compelling evidence to suggest that this risk alone warrants his temporary release. Moreover, LCDC has taken a series of steps in order to reduce the spread of COVID-19 that include quarantining new arrestees for between seven and fourteen days depending on the circumstances of their arrest and intake, heightened cleaning protocols with regard to both employees and inmates, reduction of the number of inmates held at its facility, requirements for staff to wear personal protective equipment, and monitoring temperature, oxygen stats, and heartrate of all persons entering and leaving the booking area. Doc. No. 26 at 4. The Government also confirmed Defendant's statement that there are currently no confirmed cases of COVID-19 among any detainees at the facility. *Id.* at 3.

Thus, Defendant's stated COVID-19 concerns lack the requisite specificity to rise to a "compelling reason." 18 U.S.C. § 3142(i). "Although mindful of the magnitude of the COVID-19 pandemic, and the extreme health risks it presents

within the jail and prison setting, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation." *Scott*, 2020 WL 2112330, at *6.

The third and fourth considerations are unavailing for similar reasons. While Defendant proposes a specific release plan involving living at his sister's home and wearing ankle monitoring, he fails to demonstrate how that plan would mitigate the risk of infection to himself or others. Defendant "does not explain who else has resided or will reside in or frequent the home[] or identify any screening practice or concrete COVID-19 precautions being taken there. And while the [C]ourt freely concedes that inmates may not be able to fully adhere to optimal social-distancing guidelines, [Defendant] offers nothing more than speculation that [residing at his sister's home] would be less risky than remaining in detention." *Slaughter*, 2020 WL 1685117, at *6. Further, as another court recently observed, "[l]ocation monitoring is not a limitless resource, nor is its installation and monitoring by the United States Pretrial Services officers without risk to those personnel (who must be trained and certified to install location monitoring) given current recommendations regarding implementation of social distancing." *United States v. Boatright*, __ F. Supp. 3d __, 2020 WL 1639855, at *8 (D. Nev. 2020) (quotations omitted).

Additionally, Defendant's sister lives in Cleveland County, which has 439 cases of COVID-19, whereas Logan County, where LCDC is located, currently has

17 cases.  *See* https://looker-dashboards.ok.gov/embed/dashboards/44 (accessed on May 5, 2020).  Defendant proffered no evidence of how that circumstance does not create a potentially greater risk to the community or himself in terms of contracting or spreading the virus.

Finally, though not directly relevant to the Court's consideration, Defendant argues that he is not a flight risk because his passport was confiscated by law enforcement and airlines are offering less flights due to the pandemic.  However, as the Government notes in its Response, Defendant's passport was confiscated by law enforcement on the day of his arrest, prior to his initial detention hearing. Thus, this circumstance does not constitute a "compelling reason" or "change of circumstance" that would warrant reconsideration of the Court's previous ruling.  Additionally, the existence of less flights does not equate to an absence thereof.

In sum, Defendant submits no specific COVID-19 risk warranting reconsideration of his detention.  Instead, his arguments are too speculative and/or generalized to favor release.  *See Sumbry*, 2020 WL 2092838, at *12 ("[P]erhaps the virus might require release in another context, but not where the grounds for detention are themselves very compelling and any claimed reason for release speculative at best, considering Sumbry's overall health and the proactive measures taken by the Porter County Jail.").  Further, Defendant cannot predict the extent to which COVID-19 cases might arise at LCDC any more than he can predict the extent

to which he may be exposed to the virus if allowed to reside and work in Cleveland County, as requested. For these reasons, on the record presented, Defendant has failed to establish a compelling reason for his temporary release under § 3142(i).

Accordingly, Defendant's Motion for Hearing to Reconsider Detention Order (Doc. No. 22) and Motion for Reconsideration of Detention (Doc. No. 23) are DENIED.

Dated this __6th__ day of May, 2020.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

\

Case 5:20-mj-00094-P   Document 27   Filed 05/06/20   Page 11 of 11